UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OMEGA DEMOLITION GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01293-TWP-TAB |
| ) | |
| INDIANA COMPENSATION RATING ) | |
| BUREAU an unincorporated association, ) | |
| ) | |
| Defendant. ) | |

**ORDER STAYING CASE AND GRANTING SUBSTITUTION**

**I.      Introduction**

Plaintiff Omega Demolition Group asks the Court to stay this case pending the resolution of a related case in the Northern District of Illinois. Defendant Indiana Compensation Rating Bureau is amenable to a stay under certain terms. In particular, ICRB asks the Court to first rule on its motion to substitute. For the following reasons, the motions to stay and for substitution are granted.

**II.     Background**

Omega is an Illinois subcontractor that demolished an Indiana bridge over the Ohio River. ICRB is the plan administrator for Indiana's worker's compensation insurance policy. Omega's complaint alleges that ICRB negligently recommended insurance coverage. Omega alleges that ICRB inspected the worksite, interviewed an Omega employee, and made a specific classification recommendation for insurance coverage—not protecting Omega form a Jones Act lawsuit. ICRB assigned Omega's worker's compensation insurance policy to Technology Insurance. During demolition, Omega alleges its employee, James McWorthey, was injured on the job and subsequently sued Omega in Missouri state court under the Jones Act.

The Jones Act is a federal law providing damages for injuries sustained by seamen in the course of employment, caused by the negligence of their employers. *Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1041 (7th Cir. 2010) (citing 46 U.S.C. § 30104). Omega alleges it is common knowledge that employers with workers over navigable waters, such as the Ohio River, are at risk under the Jones Act.

Omega alleges that Technology began defending Omega against McWorthey, but later refused to defend or indemnify Omega because its policy did not cover Jones Act lawsuits. After Technology's departure from that case, McWorthey was awarded a $35 million judgment against Omega. [Filing No. 32-4.] Days later, Omega assigned all of its interests in this case, along with other rights and interests, to McWorthey. The parties now disagree whether McWorthey should be substituted for Omega as the Plaintiff in this case.

Prior to entry of McWorthey's large judgment, Omega brought suit against Technology in the Northern District of Illinois, and later, this suit in the Southern District of Indiana against ICRB to preserve its claim under the statute of limitations. Omega's Illinois suit claims that because Technology began defending Omega against McWorthey, it is estopped from denying coverage for McWorthey's Jones Act claim. Ultimately, Omega's Indiana negligence claim will be mooted if the Illinois court rules that Technology must cover the McWorthey claim. The parties agree to staying this case, but disagree on the terms.

### III.    Motion to stay

#### A.    *Granting the stay*

Omega argues that the Court should grant a stay of this case to preserve judicial resources and prevent inconsistent determinations. In deciding whether to grant a stay under its inherent power, the Court considers three factors: "(i) whether a stay will unduly prejudice or tactically

disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). "[W]hen two related cases are pending in separate federal courts, either of those courts may exercise that inherent power to stay the proceedings before it in deference to the related action." *Id.* Generally, the forum of the first-filed suit is favored to proceed. *Id.* Courts have a "duty to avoid duplicative litigation in more than one federal court." *Id.* A court has "an ample degree of discretion" to defer to another federal proceeding involving the same parties and issues to avoid such duplicative litigation." *Id.* (citing *Trippe Mfg. Co. v. Am. Power Conversion Corp.,* 46 F.3d 624, 629 (7th Cir. 1995)).

    A stay of this case is an appropriate exercise of this Court's inherent power. A stay will not unduly prejudice or tactically disadvantage ICRB, which agrees that this case should be stayed pending the outcome of the Illinois case. [Filing No. 46, at ECF p. 4.] A stay allows rulings from the Illinois case to narrow the issues here, possibly moot the case, and reduce the burden of litigation on the parties and the Court. Both Illinois and Indiana cases are related to the same actors and events and raise several identical issues. If a stay is not granted, the courts may reach inconsistent results and extend the resolution of both cases. Following the general principle that the forum of the first-filed suit is favored to proceed, and by agreement of the parties, this Court defers to the Illinois court to resolve the suit between Omega and Technology before proceeding with this case. Any issues left unresolved in the Illinois case can be addressed once the stay is lifted. Omega's motion to stay is therefore granted.

B.     *Terms of the stay*

The adjoining issue is what terms should be included in the stay. On March 11, 2016, the parties appeared before the Magistrate Judge for a pretrial conference, where they discussed the terms of a possible stay. Omega simply asked for a total hold on all pending motions. ICRB made a number of requests.

At the pretrial conference, the terms of this stay were decided as outlined below. First, as the next section discusses, the Court will grant ICRB's motion to substitute prior to instituting the stay. Second, Omega's motion to dismiss or strike counterclaims is subject to the stay and will be dismissed without prejudice so that it may be refiled once the stay is lifted.[1] Third, Omega rejected ICRB's demand to dismiss this suit at the pretrial conference. Fourth, the stay is to remain in place until the resolution of the Illinois case or upon either party filing a motion to lift the stay. However, the Court does not anticipate either party moving for an early lift of the stay. As discussed at the pretrial conference, the Court finds these terms are appropriate and incorporates them into the stay.

**IV.     Motion to substitute**

IRCB filed a motion to substitute McWorthey for Omega as the real party in interest. Omega and McWorthey entered into an agreement for "substitution of McWorthey, as assignee of Omega, in place of Omega as a plaintiff, defendant, or other party." [Filing No. 32-3, at ECF p. 6.] The agreement expressly identified ICRB and the instant case as one of the assets assigned to McWorthey by stating:

---

[1] Omega's motion to dismiss or strike counterclaims is not referred to the Magistrate Judge. Although the Magistrate Judge cannot conclusively resolve this motion, the undersigned still has the authority to dismiss it without prejudice since it could be refiled, if necessary, after the stay is lifted.

4

>Indiana Compensation Rating Bureau.  On or about July 10, 2015, Omega commenced an action against the Indiana Compensation Rating Bureau ("ICRB") in the Marion County (Indiana) Superior Court, which is styled *Omega Demolition Corp. v. Indiana Compensation Rating Bureau, an Unincorporated Association*, Cause No.: 49D01 15 07 CT 022748 ("ICRB Claim").  In the action, Omega generally alleges ICRB wrongfully failed to recommend Omega procure coverage for Jones Act claims in connection with the construction project underlying the allegations in the Complaint.

[Filing No. 32-3, at ECF p. 5.]  After the state court entered judgment in favor of McWorthey, Omega assigned all of its interests in, rights to, and claims concerning the insurance and legal actions to McWorthey, including this case.

Omega argues that naming McWorthey as the Plaintiff unnecessarily complicates the case and will confuse a jury.  Omega emphasizes that McWorthey was simply an employee of Omega that was injured on the job and knows nothing about ICRB or Omega's insurance coverage.  Omega argues that a jury will be left wondering why McWorthey is bringing a case on behalf of Omega, which it asserts will extend the trial.  However, the Court does not believe that this fact will be particularly confusing in the event this case gets to trial.  A stipulation or jury instruction will more than likely resolve the issue.  The Court does not anticipate that substituting McWorthey as Plaintiff will significantly lengthen a trial.

Omega also argues that ICRB does not have standing to enforce the assignment because it is not a party or third-party beneficiary to the agreement.  However, ICRB asserts affirmative defenses and counterclaims directly implicating McWorthey personally and his individual actions.  For example, affirmative defense number five states: "Pursuant to its contract with McWorthey, Plaintiff is not the real party in interest with respect to the subject matter of this lawsuit, and therefore cannot state a claim against Defendant upon which relief can be granted."  [Filing No. 11, at ECF p. 4.]  Similarly, affirmative defense number eleven states: "Plaintiff has waived its claims because Plaintiff's employee, McWorthey, has been paid worker's

5

compensation benefits through a policy purchased by Plaintiff with Plaintiff's knowledge and consent." [Filing No. 11, at ECF p. 5.] Affirmative defense numbers eighteen and twenty-one, along with paragraphs twenty, twenty-four, and fifty of the counterclaim directly implicate McWorthey and his actions. [Filing No. 11, at ECF p. 6-7, 9-10, 14.] Omega's arguments opposing substitution are thus unavailing.

Omega assigned all of its interest in this action to McWorthey and has no stake in the outcome of this case. Omega has no legitimate reason to oppose the substitution to which it contractually bound itself, other than wanting to insulate McWorthey from the effects of his litigation. However, McWorthey cannot vicariously file suit against ICRB in this Court without subjecting himself to the Court's jurisdiction. By pursuing this claim in Indiana, McWorthey has voluntarily agreed to subject himself to the Court's authority.[2]

Substitution of McWorthey for Omega is proper in this case because McWorthey and Omega expressly agreed to it. The documents clearly reflect that Omega made an absolute assignment of its rights and interests to McWorthey and no longer maintains any interest in this case. The fact that counsel for McWorthey are presently representing Omega and pursuing this action against ICRB further illustrates that McWorthey, not Omega, is the real party in interest in this case and that the substitution poses no additional risk of multiple litigation, changes in settlement negotiation dynamics, or costs. McWorthey and Omega expressly set forth the

---

[2] Counsel for Omega, who also represent McWorthey, have refused to make McWorthey available for a deposition. [Filing No. 44-2.] Omega's attorneys indicated in an email to ICRB's counsel that they will move to quash any deposition of McWorthey. While the Court will not resolve this issue with a stay in place, it is worth noting that it will be surprising if McWorthey is not required to appear for a deposition. Threats to move to quash such a deposition are not helpful. If counsel still refuse to produce McWorthey for a deposition once the stay is lifted, counsel for the parties shall contact the Magistrate Judge by phone to address this issue, pursuant to Local Rule 37-1, prior to filing a discovery motion.

assignment of all Omega's interests in, rights to, and claims concerning the present case. [Filing No. 32-5.] As a result, McWorthey is the real party in interest and must be substituted in place of Omega. Accordingly, the ICRB's motion to substitute [Filing No. 32] is granted.

**V.   Conclusion**

The Court grants Omega's motion to stay [Filing No. 23] pending resolution of the Illinois case and according to the terms outlined in this order. Furthermore, the Court grants ICRB's motion to substitute. [Filing No. 32.] The clerk shall amend the caption for this case to reflect that James D. McWorthey is substituted for Omega Demolition Group as the Plaintiff. The parties' future filings shall reflect this change. Finally, given the stay, Omega's motion to dismiss or strike counterclaims [Filing No. 21] is denied without prejudice to refile this motion, if necessary, after the stay is lifted.

Date: 3/23/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Copies to be distributed to
all counsel of record through
the Court's electronic filing system.